United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 30, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40794
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

SHAWN MICHAEL ROUNDS

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-2640-3
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Shawn Michael Rounds pleaded guilty to possession with the intent to distribute more than 5 kilograms of cocaine, and the district court sentenced him to 87 months of imprisonment. Rounds now appeals his sentence, arguing that, because he was merely a co-driver, the district court erred in finding that he did not qualify for a downward adjustment for being a minimal or minor participant in the offense. A defendant's role in the offense is a factual determination that this court reviews for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

clear error.  <u>United States v. Villanueva</u>, 408 F.3d 193, 203 (5th Cir. 2005).

The advisory Sentencing Guidelines provide for a reduction in the base offense level of a "minor" or a "minimal" participant.  U.S.S.G. § 3B1.2.  A defendant who is "a courier without being substantially less culpable than the average participant" does not qualify for this adjustment.  <u>United States v. Buenrostro</u>, 868 F.2d 135, 138 (5th Cir. 1989); U.S.S.G. § 3B1.2, comment. (n.3(A)).  In light of the testimony at his sentencing hearing, Rounds has not shown that the district court clearly erred in finding that he did not qualify for a downward adjustment based on his role in the offense.  <u>See</u> <u>Buenrostro</u>, 868 F.2d at 138.

AFFIRMED.